CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 2 6 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD W. PORTIS, | |
| Plaintiff, | Civil Action No. 7:15-CV-00118 |
| v. | **MEMORANDUM OPINION** |
| RUAN TRANSPORTATION MANAGEMENT SYSTEMS, INC., | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendant. | |

Plaintiff Donald W. Portis, proceeding pro se, filed this action against his former employer, Defendant Ruan Transportation Management Systems, Inc. ("Ruan"), alleging that he was harassed, disciplined, and eventually terminated from his employment as a result of his repeated complaints regarding safety violations at Ruan's Salem, Virginia facility. Portis claims that his termination violates Virginia Code § 40.1-51.2:1, which prohibits "discharg[ing] or in any way discriminat[ing] against an employee because the employee has filed a health or safety complaint..." The matter is now before the court on Ruan's motion to dismiss the complaint, or in the alternative, to compel arbitration. For the following reasons, the court will grant that motion and compel arbitration of Portis's claims.

## Background

Portis began working for Ruan as a full-time truck driver on or about October 16, 2007. According to the complaint, Portis reported a variety of unsafe working conditions to Ruan management throughout his employment. Portis alleges that his supervisors either ignored his complaints or treated him with open hostility and ridicule. He also claims that Ruan management reprimanded him for a number of minor offenses, some of which he did not commit, which resulted in his termination on November 21, 2012. According to the complaint, Ruan used these reprimands to disguise the real reason for Portis's termination, which was that Ruan believed his continued

safety complaints could jeopardize its business relationships.

A collective bargaining agreement ("CBA") between Ruan and the International Brotherhood of Teamsters Local Union No. 171 (the "Union") governs the employment of "all full time driver and maintenance employees employed by [Ruan] and assigned to the Kroger account in Roanoke, Virginia," including Portis. See Ray Aff. Ex. B at 1, Docket No. 4-1. The CBA provides that Ruan may discipline or discharge an employee only "for just cause." Id. at 2. It also prohibits Ruan from discriminating against an employee "in any terms or conditions of employment" for any "prohibited basis of discrimination under applicable state, federal, or local laws." Id. at 1. The CBA further provides that employees can challenge any "alleged violation" of the terms of the CBA through the grievance and arbitration procedure set forth in Article 6 of that agreement. Id. at 3. Portis admits that he has not filed a grievance with respect to his claims.

On March 16, 2015, Portis filed a complaint challenging his termination in this court. On May 1, 2015, Ruan file an amended motion to dismiss or, in the alternative, to compel arbitration of Portis's claims. This motion has been fully briefed and was argued on June 23, 2015. It is now ripe for review.

## Discussion

In its motion, Ruan asserts that Portis is obligated to arbitrate his claims before he can pursue them here. The court agrees. The Supreme Court of the United States and the Fourth Circuit Court of Appeals have both held that an agreement to arbitrate employment discrimination claims contained in a collective bargaining agreement is enforceable, so long as it is explicit. See 14 Penn Plaza, LLC v. Pyett, 556 U.S. 247, 258 (2009) ("We hold that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."); Austin v. Owens-Brockway Glass Container Inc., 78 F.3d 875, 885 (4th

2

Cir. 1996) ("[A]n employee must follow the grievance procedure established by the collective bargaining agreement prior to filing suit in federal court.").

The CBA applicable to this case expressly provides that any dispute arising under the agreement must be subjected to the grievance and arbitration procedures outlined therein. See Ray Aff. Ex. B Art. 6 § 1 (stating that "a grievance is an alleged violation of the specific terms of [the CBA]" and that "any grievance…will be settled by the parties according to the terms of this Article exclusively"). Under the grievance procedure, an employee must file a written grievance, which the Union and Ruan attempt to resolve. See id. §§ 3-4. If the parties cannot resolve the issue, the grievance is submitted to the Piedmont Grievance Committee. Id. If the Committee fails to reach a majority decision on the issue, then "either party may submit the deadlocked issue to arbitration." Id. § 5. At arbitration, a neutral third-party, who is "governed and limited by the provisions of [the CBA and] applicable law," resolves the dispute. Id. § 10. The arbitrator's resolution is binding on the employee and Ruan. Id. The CBA explicitly provides that all employees "waive their right to pursue any judicial or administrative remedy against [Ruan] as to any matter subject to the procedures established by this Article until such procedures are exhausted." Id. § 12.

In this case, Portis asserts that he was terminated because of his repeated complaints about safety, in violation of Virginia Code § 40.1-51.2:1. His allegations, if true, would constitute a violation of the broad "non-discrimination" provision of the CBA, as well as the requirement that Ruan only "suspend, discipline, or discharge employees for just cause." Ray Aff. Ex. B. at 1-2. Portis has therefore alleged a "violation of the specific terms of the [CBA]," which must be pursued through the grievance and arbitration procedures outlined in Article 6 of the CBA. The court emphasizes that, although the CBA requires a grievance to be submitted "within ten (10) days of the event giving rise to the grievance," Ruan has explicitly agreed "to waive any time limitations with

respect to the presentation of [] a grievance and arbitration filed by or on behalf of Mr. Portis." Mot. Dismiss at 7 (citing Ray Aff. ¶ 7), Docket No. 4. For these reasons, the court is constrained to compel the parties to arbitrate the claims set forth in Portis's complaint.

The Fourth Circuit has acknowledged tension in its decisions with respect to whether courts should stay or dismiss an action when all issues presented therein are subject to arbitration. See Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 376 n.18 (noting that "[t]here may be some tension between our decision in Hooters – indicating that a stay is required when the arbitration agreement 'covers the matter in dispute' – and Choice Hotels – sanctioning dismissal 'when all of the issues presented… are arbitrable.'") (quoting Hooters, Inc. v. Phillips, 173 F.3d 933 (4th Cir. 1999); Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001)); Noohi v. Toll Bros., Inc., 708 F.3d 599, 605 n.2 (4th Cir. 2013). The Fourth Circuit has also noted that "[o]ur sister circuits are divided on whether a district court has discretion to dismiss rather than stay an action subject to arbitration." Aggarao, 675 F.3d at 376 n.18. Given this uncertainty, the court will stay this action pending arbitration of Portis's claims. See Green v. Zachry Indus., Inc., 36 F. Supp. 3d 669, 678 (W.D. Va. 2014).

## Conclusion

For the reasons stated, the court will grant Ruan's motion to compel arbitration and to stay these proceedings accordingly. Recognizing, however, that Portis may prefer to forego his claims rather than proceed with arbitration, the court will direct him to submit evidence that he has filed a grievance pursuant to the procedures set forth in the CBA within 90 days of the date of entry of this memorandum opinion and the accompanying order. Absent a showing of good cause for failure to proceed within this timeframe, the court will dismiss this action for failure to prosecute based on the defendant's earlier motion to dismiss. See Fed. R. Civ. P. 41(b); Zachry, 36 F.Supp.3d at 679. The

4

Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 26th day of June, 2015.

/s/ Glen Conrad
Chief United States District Judge