CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 1 2015

JULIA C. DUDLEY, CLERK
BY: /s/
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD WAYNE PORTIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:15-CV-00118 |
| | ) **MEMORANDUM OPINION** |
| RUAN TRANSPORTATION MANAGEMENT SYSTEMS, INC., | ) |
| | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff Donald Wayne Portis, proceeding pro se, filed this action against defendant Ruan Transportation Management Systems, Inc. ("Ruan"), his former employer. On June 26, 2015, the court granted Ruan's motion to compel arbitration and stayed the case in favor of arbitration. Portis has now moved for reconsideration of the court's ruling. For the reasons set forth below, Portis's motion will be denied.

### Background

Portis began working for Ruan as a full-time truck driver on or about October 16, 2007. According to the complaint, Portis reported a variety of unsafe working conditions to Ruan management throughout his employment. Portis alleges that his supervisors either ignored his complaints or treated him with open hostility and ridicule. He also claims that Ruan management reprimanded him for a number of minor offenses, some of which he did not commit, which resulted in his termination on November 21, 2012. According to the complaint, Ruan used these reprimands to disguise the real reason for Portis's termination, which was that Ruan believed his continued safety complaints could jeopardize its business relationships.

A collective bargaining agreement ("CBA") between Ruan and the International Brotherhood of Teamsters Local Union No. 171 (the "Union") governs the employment of "all full time driver and maintenance employees employed by [Ruan] and assigned to the Kroger account in Roanoke, Virginia," including Portis. See Ray Aff. Ex. B at 1, Docket No. 4-1. The CBA provides that Ruan may discipline or discharge an employee only "for just cause." Id. at 2. It also prohibits Ruan from discriminating against an employee "in any terms or conditions of employment" for any "prohibited basis of discrimination under applicable state, federal, or local laws." Id. at 1. The CBA further provides that employees can challenge any "alleged violation" of the terms of the CBA through the grievance and arbitration procedure set forth in Article 6 of that agreement. Id. at 3. Portis admits that he has not filed a grievance with respect to his claims.

On March 16, 2015, Portis filed a complaint challenging his termination in this court under Virginia Code § 40.1-51.2:1, which provides that "[n]o person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others." On May 1, 2015, Ruan filed an amended motion to dismiss or, in the alternative, to compel arbitration of Portis's claims. The court granted Ruan's motion and stayed the case in favor of arbitration on June 26, 2015. In that opinion, the court also required Portis to provide evidence that he has filed a grievance pursuant to the procedures set forth in the CBA within 90 days. Portis filed a motion for reconsideration of the court's decision on August 12, 2015; he also filed three amendments to his motion on September 14, 2015, September 21, 2015, and September 30, 2015.[1] The matter has been fully briefed and is now ripe for review.

---

[1] The court notes that the same document was filed as both a reply to Ruan's response to Portis's second amended motion to reconsider and as Portis's third amended motion to reconsider. See Docket Nos. 25, 26.

2

## Standard of Review

It appears that Portis's only option for relief from the court's order is under Federal Rule of Civil Procedure 54(b).[2] This rule provides that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration under Rule 54(b) are granted for the following reasons: "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." Skinner v. Armet Armored Vehicles, Inc., No. 4:12-CV-00045, 2015 WL 540156, at *2 (W.D. Va. Feb. 10, 2015). "Furthermore, a motion for reconsideration is not an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." Joe Hand Promotions, Inc. v. Double Down Entm't, LLC, No. 0:11-CV-02438, 2012 WL 6210334, at *2 (D.S.C. Dec. 13, 2012). Ultimately, the power to grant relief under this rule "is committed to the discretion of the district court." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir.2003).

---

[2] Portis does not specify under which Federal Rule of Civil Procedure he seeks reconsideration of the court's order compelling arbitration. Nevertheless, Ruan categorizes Portis's motion as falling under Rule 60(b) of the Federal Rules of Civil Procedure. However, Rule 60(b) provides relief only "from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). "An order compelling arbitration is final when it results from a proceeding in which the sole issue before the district court is the arbitrability of the dispute." Humphrey v. Prudential Sec. Inc., 4 F.3d 313, 317 (4th Cir. 1993). If "the 'issue of arbitrability originated as part of an action raising other claims for relief,' it is considered to be an 'embedded proceeding'" and is not an appealable final order under the Federal Arbitration Act. CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 398 (4th Cir. 1995) (quoting Am. Cas. Co. v. L-J, Inc., 35 F.3d 133, 136 (4th Cir. 1994)). In this case, the issue of arbitrability of the parties' dispute arose from the claims asserted by Portis, which Ruan argued fell under the CBA. Because the issue of arbitrability was not the sole issue before the court, the court's order compelling arbitration was merely interlocutory in nature, and thus, Rule 60(b) is not applicable. See Stephens v. Wachovia Corp., 3:06CV246, 2008 WL 1820928, at *2 (W.D.N.C. Apr. 21, 2008) (holding that arbitrability was not the sole issue before the court when plaintiff alleged various violations of federal law, which defendant argued fell under an agreement between the parties that contained an arbitration clause, and the district court held that the parties must arbitrate these claims).

Moreover, Rule 59(e) does not apply because Portis did not file his motion for reconsideration within the 28-day time limit. See Fed. R. Civ. P 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The court's order compelling arbitration was filed on June 26, 2015; Portis's motion for reconsideration was filed on August 12, 2015. Therefore, it is untimely under Rule 59(e).

3

## Discussion

Applying these principles, the court concludes that Portis is not entitled to relief under Rule 54(b). First, Portis does not identify any recent change in controlling law or a clear error of law that would merit a revision of the court's decision. In his motion, Portis simply reiterates the same facts and arguments that the court considered when determining Ruan's motion to compel arbitration, namely that the managers at Ruan ignored Portis's reports about unsafe working conditions and Ruan subsequently fired him. The court cannot find any assertion in Portis's motion that would constitute an argument that the law has changed or that the court erred in its application of the law.[3] Moreover, Portis has not shown why reconsideration would prevent a manifest injustice because the court's opinion was "clearly erroneous." Nautilus Ins. Co. v. Strongwell Corp., 968 F. Supp. 2d 807, 823 (W.D. Va. 2013). In fact, Portis states in his motion that "[i]f the court's direct order to compel arbitration is a matter of procedure, [he] understands the importance of following procedures and will proceed." Pl.'s Mot. for Reconsideration at 1. However, Portis asserts that he "asks for the court's awareness and reality of circumstances involved." Id. This does not amount to an argument that the court was clearly erroneous.

Second, Portis does not provide any new evidence in his motion for reconsideration. Portis did attach two exhibits in support of his motion. One exhibit is a memorandum with a summary of an interview between Ruan managers Shawn Ray and Bill Brady and the Department of Labor. See Pl.'s Mot. for Reconsideration at 4. The other exhibit is a declaration of Kara Lynn McGinnis, a dispatcher at Ruan. Id. at 5-6. Portis also submitted an email to the

---

[3] In his first amended motion for reconsideration, Portis attached a decision from the Circuit Court for the County of Roanoke that considered the question of negligent supervision of an employee by an employer. However, this case was decided on May 4, 2009, before this court's decision compelling arbitration, and therefore is not new law. Moreover, the court cannot find anything in the case that would show that the court erred in its application of the law when deciding whether to compel arbitration, and Portis does not argue that it does. Thus, the court concludes that Portis has not put forth any arguments that the court erred in determining the legal questions in its previous motion.

4

Union with his amended motion on September 21, 2015. It does not appear that any of these exhibits were previously filed with Portis's opposition brief to Ruan's motion to compel arbitration. However, the memorandum is dated May 23, 2013, the declaration is dated December 4, 2013, and the email is dated May 5, 2011. Thus, none of these documents were created after Ruan filed its motion to compel arbitration on May 1, 2015. In order for the court to grant a motion for reconsideration based on new evidence, Portis must explain why he could not have introduced this information prior to the court's decision on Ruan's motion. See McCoy v. Robinson, No. 3:08cv555, 2011 WL 5975277, at *9 (E.D. Va. Nov. 28, 2011) ("Plaintiff, however, fails to explain, as he must, why he could not have introduced the information in his Declaration prior to the adjudication of the previous motions for summary judgment."). Portis has not done so in this case. Moreover, even if Portis had provided some explanation as to why the documents he submitted were previously unavailable to him, none of the documents appears to provide any evidence relevant to the court's decision whether or not the CBA compels the parties to arbitrate their dispute. Instead, the documents relate to Portis's allegations that Ruan terminated him in violation of Virginia Code § 40.1-51.2:2, which is the issue to be arbitrated. Therefore, Portis has not made a sufficient showing for the court to reconsider its decision compelling the parties to submit to arbitration. Accordingly, Portis's motion for reconsideration will be denied.

## Conclusion

For the foregoing reasons, the court concludes that Portis has not met his burden of showing an appropriate reason for the court to reconsider its opinion and order compelling arbitration and staying the case in favor of arbitration. As such, Portis's motion for reconsideration is denied. Because the deadline for Portis to file evidence that he started the

5

grievance process passed while the court was considering this motion, the court will extend that deadline to October 9, 2015, as agreed by the parties. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This __1st__ day of October, 2015.

/s/ Glen Conrad
Chief United States District Judge