CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 04 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD WAYNE PORTIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:15-CV-00118 |
| | ) **MEMORANDUM OPINION** |
| RUAN TRANSPORTATION MANAGEMENT SYSTEMS, INC., | ) |
| Defendant. | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |

Plaintiff Donald Wayne Portis, proceeding pro se, filed this action against defendant Ruan Transportation Management Systems, Inc. ("Ruan"), his former employer. On June 26, 2015, the court granted Ruan's motion to compel arbitration and stayed the case in favor of arbitration. The case is now before the court on Portis' fourth motion for reconsideration of the court's ruling. For the reasons set forth below, Portis' motion will be denied.

## Background

Portis began working for Ruan as a full-time truck driver on or about October 16, 2007. During his employment, Portis allegedly reported a variety of unsafe working conditions to Ruan. In response, Portis claims that his supervisors either ignored his complaints or treated him with open hostility and ridicule. He also alleges that Ruan reprimanded him for a number of minor offenses, some of which he did not commit, and ultimately terminated him on November 21, 2012. Portis claims that Ruan used these reprimands to disguise the real reason for his termination, which was that Ruan believed his continued safety complaints could jeopardize its business relationships.

A collective bargaining agreement ("CBA") between Ruan and the International Brotherhood of Teamsters Local Union No. 171 (the "Union") governs the employment of "all full time driver and maintenance employees employed by [Ruan] and assigned to the Kroger account in Roanoke, Virginia," including Portis. See Ray Aff. Ex. B at 1, Docket No. 4-1. The CBA provides that Ruan may discipline or discharge an employee only "for just cause." Id. at 2. It also prohibits Ruan from discriminating against an employee "in any terms or conditions of employment" for any "prohibited basis of discrimination under applicable state, federal, or local laws." Id. at 1. The CBA further provides that employees can challenge any "alleged violation" of the terms of the CBA through the grievance and arbitration procedure set forth in Article 6 of that agreement. Id. at 3.

On March 16, 2015, Portis filed a complaint challenging his termination in this court under Virginia Code § 40.1-51.2:1, which provides that "[n]o person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others." On May 1, 2015, Ruan filed an amended motion to dismiss or, in the alternative, to compel arbitration of Portis' claims. The court granted Ruan's motion and stayed the case in favor of arbitration on June 26, 2015. The court also ordered Portis to file a grievance pursuant to the procedures set forth in the CBA within 90 days. On August 12, 2015, Portis filed a letter to the court, which the court treated as a motion for reconsideration of the court's June 26, 2015 order. Thereafter, Portis filed three additional letters to the court, which the court treated as an amended motion for reconsideration, a second motion for reconsideration, and a third motion for reconsideration. On October 1, 2015, the court denied these motions for reconsideration. Thereafter, Portis provided the court with a copy of his grievance letter to the

2

Union. On January 7, 2016, Portis asked the court to intervene in the ongoing arbitration. Believing that it had no authority to do so, the court denied Portis' request. On February 22, 2016, Portis filed his fourth motion for reconsideration of the court's June 26, 2015 order. The matter has been fully briefed and is now ripe for disposition.[1]

## Standard of Review

Portis does not specify under which Federal Rule of Civil Procedure he seeks reconsideration of the court's order compelling arbitration. The court believes that Portis' only option for relief is under Rule 54(b). This rule provides that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration under Rule 54(b) are granted for the following reasons: "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." Skinner v. Armet Armored Vehicles, Inc., No. 4:12-CV-00045, 2015 WL 540156, at *2 (W.D. Va. Feb. 10, 2015). "Furthermore, a motion for reconsideration is not an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." Joe Hand Promotions, Inc. v. Double Down Entm't, LLC, No. 0:11-CV-02438, 2012 WL 6210334, at *2 (D.S.C. Dec. 13, 2012). Ultimately, the power to grant relief under this rule "is committed to the discretion of the district court." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003).

## Discussion

Applying these principles, the court concludes that Portis is not entitled to relief under Rule 54(b). First, Portis does not identify any recent change in controlling law or a clear error of

---

[1] Neither party requested oral argument, and the court believes that it would not aid the decisional process.

law that would merit a revision of the court's decision. In his motion, Portis simply reiterates the same facts and arguments that the court considered when determining Ruan's motion to compel arbitration, namely that Ruan's managers ignored Portis' reports about unsafe working conditions and subsequently fired him for reporting these conditions. The court cannot find any assertion in Portis' motion that would constitute an argument that the law has changed or that the court erred in its application of the law. Moreover, Portis has not shown why reconsideration would prevent a manifest injustice because the court's opinion was "clearly erroneous." Nautilus Ins. Co. v. Strongwell Corp., 968 F. Supp. 2d 807, 823 (W.D. Va. 2013). In fact, Portis states in his motion that he "respects the court's decision to precede [sic] this case to arbitration." Pl.'s Fourth Mot. for Reconsideration at 1, Docket No. 32. This statement shows that Portis does not believe that the court's order compelling arbitration was clearly erroneous.

Second, Portis does not provide any new evidence in his motion for reconsideration that is pertinent to the court's decision compelling arbitration. Portis did attach five exhibits in support of his motion. Exhibit 1 is an email from Lisa Ramsey of the Virginia Department of Agriculture and Consumer Services to Portis, in which Ramsey indicated that she met with Portis and determined that his concerns about the safety of food products were valid. Exhibit 2 is a letter from an individual named Chuck Emerson, in which he indicated that Portis was an above-average employee and did not have any disciplinary issues. Exhibit 3 is a summary of an interview between Ruan managers Shawn Ray and Bill Brady and the Department of Labor. Exhibit 4 is a letter from Portis to the court, in which he provided additional factual contentions regarding his termination. Finally, Exhibit 5 is an email from Portis to the court, in which he provided a link to an Occupational Safety Health Administration press release regarding Kroger's forklift hazards at a Columbus, Ohio supermarket.

As to Exhibit 3, the court again notes that it does not appear that this exhibit was previously filed with Portis' opposition brief to Ruan's motion to compel arbitration. However, the memorandum is dated May 23, 2013. Thus, this document was not created after Ruan filed its motion to compel arbitration on May 1, 2015. In order for the court to grant a motion for reconsideration based on new evidence, Portis must explain why he could not have introduced this information prior to the court's decision on Ruan's motion. See McCoy v. Robinson, No. 3:08cv555, 2011 WL 5975277, at *9 (E.D. Va. Nov. 28, 2011) ("Plaintiff, however, fails to explain, as he must, why he could not have introduced the information in his Declaration prior to the adjudication of the previous motions for summary judgment."). Portis still has not done so in this case. Moreover, with respect to all five exhibits, the court concludes that they contain no evidence as to whether the CBA compels the parties to arbitrate their dispute. Instead, the documents relate to Portis' allegation that Ruan terminated him in violation of Virginia Code § 40.1-51.2:2, which is the issue to be arbitrated. Therefore, Portis has not made a sufficient showing for the court to reconsider its decision compelling the parties to submit to arbitration. Accordingly, Portis' fourth motion for reconsideration will be denied.

## Conclusion

For the foregoing reasons, the court concludes that Portis has not met his burden of showing an appropriate reason for the court to reconsider its opinion and order compelling arbitration and staying the case in favor of arbitration. As such, Portis' fourth motion for reconsideration is denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 4th day of April, 2016.

_____
Chief United States District Judge